### DI PUCCIO et v. DI PUCCIO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8363.   Decided Mar. 26, 1928.

Ferneding, PJ., Kunkle and Allread, JJ., of the 2nd Dist., sitting.
**First Publication of This Opinion.**
Syllabus by Editorial Staff.

**59.  ALLIENATION OF AFFECTIONS—480. Evidence.**

In action for damages for alienation of affections, declarations of husband relating to cause of his leaving his wife, not admissible.

Error to Common Pleas.
Judgment reversed.

Geo. W. Spooner, Cleveland, for plaintiffs in error.

Marguerite R. Marco, Cleveland, and Dunlavy & Coggin, Ashtabula, for defendants in error.

**FULL TEXT.**

KUNKLE, J.

Defendant in error brought suit against plaintiff in error and sought to recover a judgment in the sum of Twenty-five Thousand Dollars for the alienation of the affections of her husband, who is a son of the plaintiffs in error. The case was tried and submitted to a jury with the result that the jury returned a verdict in the sum of Seven Thousand Five Hundred Dollars in favor of defendant in error.

A motion for a new trial having been overruled, error is prosecuted to this court.

Various errors are assigned in the motion for a new trial.   Among other things we find misconduct of the jury is one of the grounds of such motion.   The papers contain some affidavits purporting to show certain acts of misconduct upon the part of several members of the jury.   These affidavits were filed in support of the motion for a new trial.   No bill of exceptions, however, was taken as to the ruling of the court upon such motion for a new trial and we, therefore, would not be authorized to consider such affidavits.

Various errors are urged by counsel for plaintiff in error in their brief, such as errors in the admission of testimony offered by the

plaintiff below; errors in the charge of the trial court, etc. It is also claimed that the verdict is excessive.

The record in various places shows that defendant in error offered evidence to prove certain declarations of the husband. This evidence was incompetent, in view of the decision in the case of Westlake vs. Westlake, 34 OS. 621, wherein it is decided:

"In such an action, the declarations of the husband, made in the absence of the defendant, as to the cause of his abandoning or putting his wife away, are inadmissible."

The declarations of the husband above referred to related to the cause of his leaving his wife. It is true the wife also testified upon the same subject as to the reason of her husband leaving her and of his treatment of her. The evidence offered as to the declarations of the husband would naturally have considerable effect with the jury.

We find no other prejudicial error in the record except the one above recited.

For the error of the Court of Common Please in admitting these declarations, the judgment must be reversed.

(Ferneding, PJ, and Allread, J., concur.)